IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:13-cr-00027(WLS-TQL-1) |
| STUART C. COLE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is Defendant Stuart Cole's *pro se* Motion to File Under Seal. (Doc. 99.) Cole argues that sealing is necessary for filing his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) because the motion and its exhibits numbered 10 and 11 would include information that is "sensitive in nature, yet relevant to Defendant's Motion." (*Id.*)

Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common-law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313.; *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019) (The judge "'may not rubber stamp a stipulation to seal the record.'") Generally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

The Court finds that disclosure is not necessary at this time and could "harm legitimate privacy interests." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Cole maintains a right of privacy in any personal information that he may include in his Motion and that outweighs the need for disclosure. *See id.* However, such information may be redacted or excluded from text of his Motion. Accordingly, Cole's Motion (Doc. 99) is **GRANTED-IN-PART and DENIED-IN-PART**. Cole's request to file his § 3582(c)(1)(A) motion[*] under seal is denied. However, Cole is permitted to have exhibits numbered 10 and 11 sealed. The exhibits 10 and 11 shall remain sealed until further order of the Court.

**SO ORDERED**, this 3rd day of March 2021.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[*] Defendant may redact certain portions of the motion for the record if it is absolutely necessary to preserve the seal the Court provides to exhibits 10 and 11. However, if such redactions are made, unredacted copies of the motion and copies of exhibits numbered 10 and 11 must be provided to the Court and served on the Government.