IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 7:13-CR-27-001 (HL) |
| STUART C. COLE | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE -
18 U.S.C. § 3582(c)(1)(A)**

Federal prisoner Stuart C. Cole, proceeding pro se, has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a). The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. U.S.S.G. § 1B1.13. However, the policy statements were not amended after the amendment allowing prisoners to file direct motions for compassionate release. Thus, when adopted, the policy statements applied only to motions filed by the Director of the Bureau of Prisons. This has led several circuits to hold that the policy statements are not "applicable" to prisoner-filed motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The Eleventh Circuit has not yet reached the issue, but it has acknowledged a discrepancy between the amended statute and the policy statements. *United States v. Tallon*, 2021 WL 727806 *1 (11th Cir. Feb. 25, 2021); *see also, United States v. Harris*, ___ F.3d ___, 2021 WL 745262 *3 n.2 (11th Cir. Mar. 2, 2021). Here, to give Stuart C. Cole the greatest possible scope of review, the Court has assumed that its discretion to find extraordinary and compelling reasons is not limited by the policy statements.

**IT IS ORDERED** that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served:

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel

arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of 60 months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____
_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] relevant to this motion.

☑ **DENIED** after complete review of the motion on the merits.

  ☑ **FACTORS CONSIDERED (Optional)**

Stuart C. Pate was sentenced on May 1, 2014 to a total of 188 months custody of the Bureau of Prisons after entering a guilty to Conspiracy to Commit Mail Fraud (18 U.S.C. § 1349) and Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)). The imprisonment sentence is to be followed by a 3-year term of supervised release. Medical records from the Bureau of Prisons (BOP) confirm the defendant is under treatment for asthma; and he has at least one squamous cell carcinoma lesion being monitored by BOP medical staff. The defendant's medical status at the BOP is described as HEALTHY OR SIMPLE CHRONIC CARE, and the BOP is treating and controlling the defendant's medical issues.

In this case, the Court has carefully and completely reviewed and considered the information submitted by the defendant in his motion; considered the applicable factors set forth in 18 U.S.C. § 3553(a) and considered the enumerated facts above and finds the defendant has not provided "extraordinary and compelling" reasons to warrant the Court ordering a compassionate release in this case.

☐ **DENIED WITHOUT PREJUDICE** because the defendant has neither exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A); nor have 30 days lapsed since receipt of the defendant's request by the Warden of the defendant's facility.

  So ordered this  31st  day of _____March_____, 2021.

  s/Hugh Lawson
  HUGH LAWSON
  SENIOR U.S. DISTRICT JUDGE