**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO.: 7:13-CR-27 (WLS-TQL-2) |
| | : |
| STUART C COLE, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is Defendant Stuart C. Cole's ("Defendant") Motions for Sentence Reduction (Docs. 109 & 118). For the reasons discussed below, the Motions are **DENIED**.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

On January 13, 2014, Defendant pleaded guilty to one count of Conspiracy to Commit Mail and Wire Fraud and one count of Money Laundering Conspiracy. (Docs. 39 & 40). The Court sentenced Defendant on May 1, 2014. (Doc. 61). At the time, the Court calculated Defendant's United States Sentencing Guideline ("the Guidelines") range to be 262–327 months based on a Total Offense Level of 36 and a Criminal History Category of IV. (Doc. 77 at 1). Nevertheless, the Court departed downwards by 74 months, sentencing Defendant to 188-months' imprisonment based on a motion made by the Government under USSG § 5K.1 for Defendant's substantial assistance to the Government. (Doc. 59); (Doc. 77 at 2).

On December 28, 2021, the Government made a Rule 35 Motion based on Defendant's further assistance to the Government. (Doc. 105 at 1). The Court granted that Motion and reduced Defendant's sentence to 128-months' imprisonment. Defendant's projected release date is July 25, 2033.

On February 2, 2020, Defendant filed the first Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) at bar. The Government filed a Response (Doc. 111) on February 20, 2024. Defendant filed two Replies (Docs. 112 & 113). The Court appointed Counsel for Defendant. (Doc. 114). Defense Counsel filed another Motion for Sentence Reduction (Doc. 118) on August 21, 2024. The Court construes this as a supplement to Defendant's original Motion.

1

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's sentence if that defendant "has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." When considering whether such a reduction is warranted, the Eleventh Circuit prescribes a two-part analysis. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

First, the Court should recalculate the sentence under the amended Guidelines. *See Bravo*, 203 F.3d at 780. At Defendant's sentencing, the Court determined Defendant's Criminal History Category was IV based on a criminal history score of eight. (Doc. 62 at 1). Defendant's criminal history score was the sum of his criminal history subtotal of six and an additional two criminal history points under § 4A1.1(d) for "committ[ing] the instant offense while under [a] criminal justice sentence[.]" (Doc. 55); *see* U.S.S.G. § 4A1.1(d) (Nov. 1, 2013). Amendment 821 to the Guidelines, however, changed the language of § 4A1.1(d) so that a Defendant would qualify for additional points only if his criminal history subtotal was seven or more. U.S.S.G. App. C amend. 821. As a result, if sentenced today, Defendant would have no points added under § 4A1.1(d), resulting in a criminal history score of six and a Criminal History Category of III.[1] Based on Defendant's offense level of 36, this new Criminal History Category would yield a Guideline range of 235–293 months. Thus, at the first step, the Court finds that Defendant's Guideline range would be lower today.

Second, if the Guideline range would have been lower, the Court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Bravo*, 203 F.3d at 781. This discretion should be exercised in light of the 18 U.S.C. § 3553(a) factors. *United States v. Vautier*, 144 F.3d 756, 759 (11th Cir. 1998).

Here, Defendant has benefitted from substantial leniency already. (*See* Docs. 62, 105, 107). Even accounting for the reduction in his Guideline range, Defendant's current 128-month sentence is 107 months—nearly nine years—lower than his recalculated Guideline

---

[1] The Court notes that the Government incorrectly calculated Defendant's recalculated criminal history score in its Response. (*See* Doc. 111 at 2).

2

range. And were the Court to impose Defendant's proposed 108-month sentence, (Doc. 118 at 2), that sentence would be less than half of his recalculated Guideline range. Although Defendant's assistance to the Government has been substantial, it must be weighed against the other § 3553(a) factors. Of particular relevance here are the need for a penalty to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct. *See* § 3553(a)(2)(A)-(B).

As background, Defendant's conviction resulted from a sophisticated multi-year scheme to extort child-support payments from non-custodial parents. (*See* Doc. 55 ¶¶ 23–32). Defendant, along with others, ran businesses which purported to be affiliated with state child-support services. (*Id.* ¶ 23). At the direction of Defendant, the employees of those businesses would execute agreements with custodial parents to collect child support from non-custodial parents. (*Id.*) The businesses would then extort money from the non-custodial parents using threatening and deceptive practices. (*Id.*) Although some money was paid to the custodial parents, the businesses would extract exorbitant fees and commissions from the money collected, and the non-custodial parents would receive no credit for child support paid from state agencies. (*Id.*) In total, Defendant's scheme defrauded and extorted more than 1000 victims for $2.3 million dollars. (*Id.* ¶¶ 32–34). Thus, Defendant, while clothed in the apparent legitimacy of a business, extracted millions of dollars from vulnerable parents throughout the country. (*See* Doc. 55 ¶¶ 22–32). This money was originally intended to help support children. (*See id.*) But Defendant and his business partners used that money to enrich themselves, enabling them to buy luxury items, including additional homes, automobiles, and boats. (*See id.* ¶ 31).

Defendant's conduct was serious indeed, and deserves significant sanction. Moreover, deterrence is particularly critical here to ensure that others are aware that such fraudulent and extortionate business practices carry with them severe criminal penalties. Defendant's assistance to the Government has earned him substantial leniency, as it should have, but the Court will not allow that assistance to eclipse the other purposes of sentencing. Thus, the Court, having considered the sentencing factors found at 18 U.S.C. § 3553(a) finds that Defendant's current 128-month sentence is sufficient, but not greater than necessary to comply with the purposes of the § 3553(a) factors. Accordingly, at the second step, the Court

3

declines to exercise its discretion to reduce Defendant's sentence below the current 128-month sentence. Defendant's Motions (Docs. 109 & 118) for Sentence Reduction are thus **DENIED**.

    **SO ORDERED**, this 11th day of October 2024.

                                       **/s/ W. Louis Sands**
                                       **W. LOUIS SANDS, SR. JUDGE**
                                       **UNITED STATES DISTRICT COURT**